Smith, J.
The motion made by the plaintiff to dismiss the appeal of the defendant, is on the ground that the undertaking for the appeal was not given within “ 30 days after the rising of the court” at July Term, 1888, at which term, the decree sought to be appealed from, was rendered. This, the defendant denies.
The facts disclosed are these: The July Term adjourned October 1, 1888. On October 25th,, 1888, the defendant presented to the clerk of the court an undertaking in due form, with a surety thereon, resident of this state, and having the qualification of sureties as required by section 4953, Rev. Stats., but the clerk in accordance with- a rule of the office, declined, to approve the bond unless signed also by a surety resident in Hamilton county. On the 31st day of October, the same undertaking was signed by another surety, resident here, and was approved by the clerk.
*139 Two questions arise: — Was the undertaking given and ap proved October 31, 1888, in time? — And, second, if not, did what took place on the 25th day of October, operate to effect an appeal of the case ?
Section 5227, Rev. Stats., provides that a party desiring to appeal his cause to the circuit court, shall give notice as therein directed, “ and within thirty days after the rising of the court, give an undertaking with sufficient surety, to be approved by the clerk of the court or a judge thereof, as hereinafter provided.” — And the question which arises on this point, is, whether the day of the rising of the court (October 1) is to be excluded. If so, the bond given on the 31st of October, was in time. If that has to be included, as well as the 31st, then the bond given on that day was not in time.
Substantially the same language has been in our statutes regulating appeals, since 1831 at least. — In 1851, the Supreme Court, in 19 Ohio, 106, held practically that the day of the adjournment of the court, was to be taken into-the computation, and that where the court finally adjourned on May 11, and the bond was not filed until June 10, that it was not in time.
But it seems that after this decision the practice and holding of the courts differed as to this. The district court of this county, at September Term, 1852, (held by Caldwell, chief justice, and judges Carter, Matthews and Piatt,) took a different view of the law, and decided that the words “ thirty days after the rising of such court,” should be understood to mean full thirty days after the day on which the court adjourned, and that therefore a bond given on the thirtieth day was sufficient; “ and the court said that the case of Steinbarger v. Steinbarger, 19 Ohio R. 106, does not conflict with this view of the statute,” 10 W. L. J. 74.
It seems to us, however, that on this point the two cases are in conflict. But in our opinion, the fact that there was uncertainty as to what was the meaning to be given to this provision, brought about the passage of that section of the code of 1854, sec. 597, now sec. 4951, Rev. Stats., which reads as follows : “ Unless otherwise especially provided, the time *140 within which an^ .ct is required, by (statute or by the common) law to be i one, shall be computed by excluding the first day and inc i. ling the last, and if the last be Sunday, it shall be excludi ” We see no reason why this does not expressly provid for a case of this kind. It is an act required by statut to be done, within a certain time, to be effectual, and the time within which it is to be done, is therefore to be computed by this statutory rule.
Boyce & Boyd, attorneys for plaintiff.
Geo. 8. Bailey, attorney for defendant.
The statute regulating appeals from a justice of the peace to the common .-pleas, is substantially similar. It provides that the party appealing must within ten days from the rendition of the judgment, enter into an undertaking etc. and Judge Swan in his Treatise states the rule thus: “In proceedings under the code, and generally where the computation of time in a statute is to be from the date, or from an act done, the day of the date or of the act is excluded from the computation” * * * so, “if the judgment is rendered on the 1st of April, the party will have the whole of the 11th of April to enter into the undertaking.” And such we think is the general understanding and practice as to appeals fcom a magistrate or the court of common pleas.
Entertaining these views, it is unnecessary for us to speak of the other ground urged why the bond was in time. We may say however, that there seems to be no warrant in the statute for requiring sureties who are sufficient in other respects, to be residents of the county where the undertaking is to be given, and we find no rule of the court to that effect. It is doubtful therefore whether the clerk has the right to refuse to approve an appeal bond, perfectly satisfactory in all other respects, on this account alone, and it may be that in analogy to the case of Hubble v. Renick, 1 Ohio St. 171, where the party seeking to appeal, had done all that the law required of him, and there was a failure on the part of some one else, it would be effectual to appeal the case. But this we do not decide, as it is unnecessary fully to consider it. The motion to dismiss the appeal will be overruled.